http://www.va.gov/vetapp16/Files3/1621764.txt

Citation Nr: 1621764 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-04 815 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas

THE ISSUES

1. Entitlement to service connection for a left eye disability. 

2. Entitlement to service connection for a generalized joint disorder, to include as due undiagnosed illness. 

3. Entitlement to service connection for a right knee disability.

4. Entitlement to a compensable disability rating for bilateral hearing loss. 

(The issues of entitlement to service connection for a traumatic brain injury and hypertension will be addressed in two separate decisions. ) 

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran
ATTORNEY FOR THE BOARD

H.M. Walker, Counsel

INTRODUCTION

The Veteran served on active duty in the United States Army from September 1990 to June 1991 and from October 2003 to September 2005. He also served a verified period of active duty for training (ACDUTRA) from June 7, 1982 to July 22, 1982 and had additional periods of reserve duty.

This case comes before the Board of Veterans' Appeals (the Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. In a July 2001 rating decision, the RO denied service connection for a right knee disability, a left eye disability, a nervous disorder, and a generalized joint disorder, and a compensable evaluation for hearing loss. The Veteran perfected appeals as to all of these claims.

In September 2013, the Veteran appeared and testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is associated with the Veteran's claims file. 

In a February 2014 rating decision, the RO awarded service connection for major depressive disorder, also claimed as nervous condition due to undiagnosed illness. This is a full grant of the benefits sought on appeal for that issue. 

The Veteran has had three hearings before three different Veterans Law Judges. Importantly, these hearings have not overlapped in terms of issues. As such, the issues of entitlement to service connection for a traumatic brain injury and hypertension will be addressed in two separate decisions, and only the issues listed on the cover page of this decision will be addressed below. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Board finds that additional evidentiary development is necessary regarding the Veteran's service connection claims for right knee disability, left eye disability, and generalized joint disorder, and increased rating claim for bilateral hearing loss. 

Service Connection Claims

The Veteran has not been afforded VA examinations with respect to his claimed right knee disability, left eye disability, and generalized joint disorder. 

There is some indication that the Veteran's right knee disability preexisted his period of active service beginning in October 2003. He contends his symptoms were aggravated during this period of service and have continued since. He alleges generalized joint pain all over his body but mainly from his knees to feet due to undiagnosed illness. 

It appears that the Veteran may have a preexisting left eye disability. He has been diagnosed as having exotropia, diplopia, and amblyopia of the left eye and contends that his left eye disability worsened during his periods of active duty. 

The Board finds that the medical evidence is insufficient for deciding these service connection claims, and they must be remanded for appropriate examinations and opinions. 

Increased Rating

The Veteran's most recent VA audiological examination was in April 2009. Since that time, he has reported worsening symptomatology. 

When a veteran asserts that a disability has worsened since his/her last VA examination, and the last examination is too remote to constitute a contemporaneous examination, a new examination is required. See 38 U.S.C.A. § 5103A (d); 38 C.F.R. § 3.159(c)(4). See also Snuffer v. Gober, 10 Vet. App. 400 (1997); Green v. Derwinski, 1 Vet. App. 121 (1991). The Board finds that clearly the most recent VA examination is too remote and a new examination is warranted.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to address his right knee disability and generalized joint disorder. The electronic claims file should be made available to the appropriate examiner for review, and the examiner should note that it has been reviewed. 

Regarding the Veteran's right knee disability, the examiner is asked to provide answers to the following:

a) Is there clear and unmistakable evidence that any right knee disorder preexisted any period of service. If so, the examiner should also provide an opinion regarding whether any such preexisting disability DID NOT increase in severity beyond the natural progression of the disability during active duty (i.e. the disorder was not aggravated by service).

b) If the examiner determines that any right knee disability did not clearly and unmistakably preexist service, he or she shoulder provide an opinion whether it is at least as likely as not (50 percent or greater) that the Veteran's disorder is related to any injury or disease in service, or caused or aggravated (chronically worsened) by a service-connected disability. 

Regarding the Veteran's claimed generalized joint disorder, the examiner is asked to provide answers to the following: 

a) Identify any current musculoskeletal disabilities of the joints and fully describe the extent and severity of those symptoms. The examiner should determine whether the Veteran has arthritis of any joint. 

b) As to each disability identified, provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that such disability arose during service or are otherwise related to any incident of service. 

c) If the examiner finds no clinical diagnosis of any musculoskeletal disabilities of the claimed joints on examination that were incurred in, caused by, or otherwise related to the Veteran's active military service, he/she should provide an opinion as to whether the Veteran exhibits objective indications of chronic fatigue syndrome or fibromyalgia disability due to an undiagnosed illness as defined under 38 C.F.R. § 3.317. For purposes of 38 C.F.R. § 3.317 "objective indications of chronic disability" include both "signs," in the medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. 

It would be helpful if the examiner would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood). The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. 

The examiner should provide a complete rationale for any opinions provided.

2. Schedule the Veteran for an appropriate VA examination to address his left eye disability. The electronic claims file should be made available to the appropriate examiner for review, and the examiner should note that it has been reviewed. 

a) Is there clear and unmistakable evidence that any left eye disability preexisted any period of service. If so, the examiner should also provide an opinion regarding whether any such preexisting disability DID NOT increase in severity beyond the natural progression of the disability during any period of active duty (i.e. the disorder was not aggravated by service).

b) If the examiner determines that any left eye disability did not clearly and unmistakably preexist service, he or she shoulder provide an opinion whether it is at least as likely as not (50 percent or greater) that the Veteran's disorder is related to any injury or disease in service, or caused or aggravated (chronically worsened) by a service-connected disability. 

It would be helpful if the examiner would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood). The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. 

The examiner should provide a complete rationale for any opinions provided.

4. The Veteran should be afforded an appropriate VA examination by an examiner with sufficient expertise to determine the current degree of severity of his bilateral hearing loss disability. The Veteran's electronic claims file should be made available to and reviewed by the examiner.

The AOJ should ensure that the examiner provides all information required for rating purposes. In addition, the examiner should provide information concerning the functional impact of the Veteran's service-connected bilateral hearing loss. 

The examiner should provide a complete rationale for any opinions provided.

5. The AOJ should undertake any other development it determines to be warranted. 

6. Then, the AOJ should readjudicate the Veteran's claims on appeal. If the claims remain denied, a Supplemental Statement of the Case must be furnished to the Veteran and his representative and they must be afforded the requisite opportunity to respond. Thereafter, if indicated, the case should be returned to the Board for further appellate action.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).